UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA D. PEREZ,

                    Petitioner,

        -against-

PRESIDING JUDGE HUDSON COUNTY NEW
JERSEY,

                    Respondent.

26-CV-4124 (GBD)

ORDER OF DISMISSAL

**GEORGE B. DANIELS, United States District Judge:**

Plaintiff Angela D. Perez brings this *pro se* action against "Presiding Judge Hudson County New Jersey." (ECF 1, at 1.)[1]  By separate order, this court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  This Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

This Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  This Court must also dismiss a complaint when this court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

This Court is also obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Plaintiff is also known as Angela Perez Dowling, Angela Dawn Dowling, and Angela Dawn Perez. Moreover, although Dowling refers to herself as "Petitioner" and to the opposing party as "Respondent," this Court will refer to the parties as Plaintiff and Defendant.

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, has its limits. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d at 475 (citation omitted). To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

## FACTUAL BACKGROUND

On what appears to be a cover sheet to the complaint, Plaintiff writes, "Notice of Petition[.] Do Not Change[.] venu served[.] 'No Tranfer[.]' New York Petition[.] 0 zero Nature of Suit[.] For now Petition only[.] Not Nature of Suit." (Pet. at 1.)[2]

On the following page of her submission, Plaintiff alleges,

> I Angela, writing a petition to the presiding judge of Hudson County at 595 Newark Ave., Jersey City, NJ. A petition review urgency, urgent, expedite immediate attention. Please review statement. If you need me to login to get originals on site or in person, I Angela can do in an emergency hearing. . Urgent urgency to avoid harm in danger to myself and others please review. If needed, please set a emergency hearing and expedite hearing.

(*Id.* at 2.)

Plaintiff also asks this Court to "waive the fee of $25." (*Id.*) In a section labeled "RELIEF," Plaintiff writes "review petition." (*Id.* at 3.) She further states, "ENFORCEMENT IS THE PROCESS OF ENSURING COMPLIANCE WITH LAWS, REGULATIONS, STANDARDS, AND SOCIAL NORMS, OFTEN INVOLVING AUTHORIZED AGENCIES TO MAINTAIN ORDER." (*Id.*)

---

[2] This Court quotes the complaint verbatim. All spelling, grammar, punctuation, and emphasis are in the complaint unless noted otherwise.

Plaintiff has an extensive history of filing non-meritorious and frivolous actions in this court. (*See, e.g., Perez v. U.S. Treasury Inspector Gen.*, No. 1:26-CV-4161 (S.D.N.Y. May 26, 2026), Ord. of Dismissal and to Show Cause, ECF No. 5 at 3–4.) By order dated May 26, 2026, this Court recounted Plaintiff's litigation history here and directed her to show cause why this Court should not bar her from filing further civil actions here IFP without first obtaining this Court's permission. (*Id.* at 5.)

**PLAINTIFF'S COMPLAINT IS DISMISSED**

### A.    Plaintiff's Claims are Frivolous

Under the IFP statute, this Court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."); *Livingston*, 141 F.3d at 437 ("An action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Even when read with the "special solicitude" due to *pro se* pleadings, Plaintiff's complaint lacks an arguable basis either in fact or in law. Plaintiff sues a New Jersey State Court judge, and her allegations are incoherent. This Court is unable to identify (1) any legal basis for her claims against Defendant, or (2) any legal theory on which Plaintiff may proceed against Defendant. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. This Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

3

**B.     Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but granting leave is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Petitioner's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding that district court did not err in dismissing claim with prejudice in absence of any indication plaintiff provided additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in the complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to amend.

## CONCLUSION

This Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). This Court also certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

This court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:     **JUN 3 0 2026**
          New York, New York

_____
GEORGE B. DANIELS
United States District Judge

4